Michael A. Troisi (MAT 2002)
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11556
Telephone: (516) 357-3000
Facsimile: (516) 357-3333

*Counsel for Defendant State Farm Fire and Casualty Company*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X    Docket No.: 14-cv-5690
Thomas Leon and Linda Leon

Plaintiff(s),

-against-

State Farm Fire and Casualty Company

Defendant(s).
----------------------------------------X

## NOTICE OF REMOVAL

TO: **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

Pursuant to 28 U.S.C. §§ 1441 and 1446(a), Defendant State Farm Fire and Casualty Company ("State Farm"), by and through its undersigned counsel, Rivkin Radler LLP, hereby gives notice of the removal of the above-captioned matter from the Supreme Court of the State of New York, County of Nassau, where the action is now pending, to the United States District Court for the Eastern District of New York, and respectfully states as follows:

1. This action ("Action") was commenced on or about August 26, 2014 by Plaintiffs Thomas Leon and Linda Leon ("Plaintiffs") against State Farm in the Supreme Court of the State of New York, County of Nassau, under Index No. 8313-14. Annexed hereto as Exhibit "A" is a copy of the Summons and Complaint. Exhibit "A" constitutes all of the process, pleadings, and/or orders that have been filed in the Action to date.

2. This Notice of Removal is being filed within thirty (30) days of the receipt of the "initial pleading" by State Farm, and therefore is timely filed pursuant to 28 U.S.C. § 1446(b).

3. Removal of this action is proper because this is a civil action in which Plaintiffs seek monetary relief in excess of $75,000.00 against State Farm and there is complete diversity within the meaning of 28 U.S.C. § 1332 between Plaintiffs and State Farm.

4. Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1446(a) because this action is pending in Nassau County, which is within the Eastern District of New York.

## I.
## Nature of the Case

5. This Action is of a civil nature in which Plaintiffs seek monetary relief against State Farm in connection with State Farm's handling of a claim tendered by Plaintiffs under a homeowner's insurance policy.

6. Specifically, in their Complaint, Plaintiffs allege that their home and the contents contained therein sustained substantial damage as a result of rain and a windstorm that occurred on or about October 29, 2012. See Compl. at ¶ 10.

7. Plaintiffs further allege that State Farm, despite issuing a payment of $136,504.93 to Plaintiffs for the building damage allegedly sustained, failed and/or refused to fully indemnify Plaintiffs to the full extent of their loss. See Compl. at ¶ 12.

8. Plaintiffs also aver that State Farm misrepresented the scope of the damage allegedly sustained to Plaintiffs' property and the terms of Plaintiffs' homeowner's insurance policy. See Compl. at ¶¶ 16-19.

9. Plaintiffs thus conclude that State Farm breached its contractual obligations under the homeowner's insurance policy and acted in bad faith. See Compl. at ¶¶ 13, 20.

10. Plaintiffs assert the following two causes of action against State Farm: (i) breach of contract; and (ii) a violation of General Business Law § 349. See Compl. at ¶¶ 8-20.

11. In connection with their breach of contract claim, Plaintiffs seek compensatory damages in an amount of $1,256,973.62. In connection with their claim for a violation of General Business Law § 349, Plaintiffs seek treble damages and reasonable attorney fees, plus interest, costs, and such other relief to be determined by the Court. See Compl. at p. 4 ("WHEREFORE" paragraph).

## II.
## The Requirements for Removal Are Satisfied

12. The requirements for diversity jurisdiction under 28 U.S.C. § 1332(a)(1) are satisfied.

### A. Diversity of Citizenship

13. At the time this lawsuit was filed and as of the date of this notice, Plaintiffs were and are citizens of the State of New York because they reside in New York. See 28 U.S.C. § 1332(c)(1); see also Compl. at ¶¶ 1, 2.

14. At the time this lawsuit was filed and as of the date of this notice, State Farm was and is a citizen of the State of Illinois because it is an Illinois corporation with its principal place of business in Illinois. See 28 U.S.C. § 1332(c)(1); see also Compl. at ¶ 3.

15. Accordingly, the diversity requirement of 28 U.S.C. § 1332(a)(1) is satisfied.

### B. Amount in Controversy

16. Plaintiffs' Complaint seeks compensatory damages in the amount of $1,256,973.62 in addition to treble damages and reasonable attorney fees to be determined by the Court. See Compl. at p. 4 ("WHEREFORE" paragraph). Accordingly, Plaintiffs' Complaint satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a)(1).

## III.
## The Other Procedural Requisites for Removal are Satisfied

17. Removal is timely under 28 U.S.C. § 1446(b)(1), because this Notice of Removal is filed within thirty (30) days of receipt of Plaintiffs' initial pleading, which was served on the New York State Department of Financial Services on September 2, 2014. Pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 81.1, the Complaint is annexed hereto as Exhibit "A."

18. State Farm will give written notice to Plaintiffs (through their counsel) of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

19. A copy of this Notice of Removal and a Notice of Filing the Notice of Removal will be filed by the Removing Defendant with the Clerk of the Supreme Court of the State of New York, County of Nassau, as required by 28 U.S.C. § 1446(d). State Farm has thus satisfied the requirements for removal under 28 U.S.C. § 1446 and all applicable rules.

## IV.
## Conclusion

20. For all the foregoing reasons, State Farm respectfully requests that this Court assume full jurisdiction over the Action herein as provided by law. State Farm intends no admission of liability by this Notice and expressly reserves all defenses, motions, and pleas, including, without limitation, objections to the sufficiency of Plaintiffs' pleadings.

Dated: Uniondale, New York
       September 29, 2014

Respectfully submitted,
RIVKIN RADLER LLP
Attorneys for Defendant

By: /s/ *Michael A. Troisi*
Michael A. Troisi (MAT 2002)
926 RXR Plaza
Uniondale, New York 11556-0926
Tel: (516) 357-3000
Fax: (516) 357-3333
RR File No.: 020770-09057

3050855 v1